**TRUMBULL CORPORATION,**
**Appellant,**

v.

**BOSS CONSTRUCTION, INC., a Pennsylvania Corporation; A & L, Inc., A Pennsylvania Corporation; and Safeco Insurance Company of America.**

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 2000.
Decided Jan. 31, 2001.

Kurt F. Fernsler, Pittsburgh, for appellant.

James P. Thomas, Pittsburgh, for appellees.

Before KELLEY, Judge, FLAHERTY, Judge, and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Trumbull Corporation (Trumbull) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) entering judgment in favor of Appellees A & L, Inc. (A & L) and Safeco Insurance Company of America (Safeco).

In 1996, the Commonwealth of Pennsylvania, Department of Transportation (PennDOT) entered into a contract with A & L under which A & L was to act as general contractor for a road resurfacing project. A & L obtained a labor and material payment bond from Safeco and retained Boss Construction, Inc., (Boss) to act as a subcontractor for a portion of the work. Boss purchased from Trumbull asphalt road materials that were accepted and incorporated into the project.

A & L paid Boss as A & L received estimated payments from PennDOT. However, A & L's payments to Boss for the period during which Trumbull supplied materials were made by checks payable jointly to Boss and other subcontractors, per agreements between those parties. In March of 1997, Trumbull invoiced Boss for the materials in the amount of $19,156.35. After Boss failed to make payment, Trumbull sought recovery under the bond and sent notice to A & L and Safeco on June 18, 1997.

In January of 1998, Trumbull filed a civil complaint in the trial court, seeking recovery against Boss for breach of contract, recovery against A & L for its alleged oral promise to pay Boss' debt, and recovery under the bond from A & L and Safeco. Boss failed to respond, and a default judgment was entered against it on March 17, 1998.[1] A & L and Safeco filed an answer and new matter asserting that Trumbull's claims were barred by the "Prompt Pay Act,"[2] and the Statute of Frauds, 33 P.S. § 3.[3]

At the non-jury trial, Trumbull claimed it was entitled to relief based upon the plain language of the bond, which expressly incorporates the Public Works Contractors' Bond Law of 1967, Act of December 20, 1967, P.L. 869, *as amended,* 8 P.S. §§ 191–202 (Bond Law). Trumbull also attempted to prove that A & L had orally promised to pay the debt owed by Boss. However, the trial court precluded Trumbull from presenting any evidence concerning the oral promises allegedly made by A & L. The trial court concluded that Trumbull's claim was barred as a matter of law by the Prompt Pay Act and, on October 28, 1998, the trial court entered a verdict in favor of A & L and Safeco. By

---

1. Trumbull was unable to collect any portion of that judgment.

2. Act of November 26, 1978, P.L. 1309, as amended by Act of December 12, 1994, P.L. 1042, formerly at 73 P.S. § 1626.9. This legislation was subsequently repealed and recodified as Section 3939(b) of the Commonwealth Procurement Code, 62 Pa.C.S. § 3939(b).

3. Act of April 26, 1855, P.L. 308.

order dated February 17, 1999, the trial court denied Trumbull's motion for post-trial relief. Trumbull filed an appeal with the Superior Court, which transferred the matter to this Court by opinion and order dated February 17, 2000.

On appeal, Trumbull first argues that the trial court erred in concluding that Trumbull's claim for recovery on the bond is barred by the Prompt Pay Act. In addition to repealing the Prompt Pay Act, the Commonwealth Procurement Code also repealed the Bond Law insofar as it relates to Commonwealth agencies,[4] but the relevant provisions of both statutes were still in effect at the time the claim was brought on the bond.

Adopted in 1967, the Bond Law requires any contractor awarded a public works contract exceeding $50,000 to furnish the contracting body a performance bond and a payment bond. The performance bond is solely for the protection of the contracting body (here, PennDOT), while the payment bond is "solely for the protection of claimants supplying labor or materials to the prime contractor...or to any of his subcontractors." Section 3(a)(2) of the Bond Law, 8 P.S. § 193(a)(2). There is no dispute that Trumbull is entitled to recovery under the bond pursuant to the provisions of the Bond Law.

The Prompt Pay Act is part of a statute governing the award and execution of public contracts. As initially enacted, this statute contained no reference to the discharge of a surety. However, as part of a 1994 amendment, the General Assembly added the following provision: "Once a contractor has made payment to the subcontractor according to the provisions of this act, future claims for payment against the contractor or the contractor's surety by parties owed payment by the subcontractor which has been paid shall be

barred." 73 P.S. § 1626.9. Thus, pursuant to the Prompt Pay Act, Trumbull's claim is barred because A & L made payments to Boss.

Trumbull argues that if the General Assembly had intended that the Bond Law be repealed or amended, it would have expressly provided for that result in the amendment to the Prompt Pay Act. Trumbull argues that statutes dealing with the same or similar subject matter should be construed in *pari materia*. Trumbull also asserts that the Prompt Pay Act cannot be reconciled with the Bond Law and maintains that an absurdity results if one sentence of the Prompt Pay Act is interpreted so as to destroy the long-standing protection afforded by the Bond Law.

Appellees reply that a statute that is in force when a contract is entered into applies to that contract, regardless of whether the contract expressly incorporates it or any other statutory provisions.[5] Appellees also contend there is no conflict between the two statutes. They assert that the Bond Law sets forth the types of bonds required, the entities protected by the bonds, and the manner in which actions under the bond shall be brought, while the Prompt Pay Act merely limits when such actions may be brought.

Appellees' most persuasive argument is that the rules of statutory construction require that when the provisions of two statutes are irreconcilable, the statute latest in date of final enactment shall prevail. Section 3 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1936. The result in this case is that the protections afforded by the Bond Law, which is entirely devoted to bonds and bond claims on public projects, were significantly diminished by a one-sentence provision in a statute that does not otherwise concern bonds or sureties. Nevertheless, we conclude that the

4. See the Commonwealth Procurement Code (Code), 62 Pa.C.S. §§ 101–4509. As re-enacted, the Prompt Pay Act does not apply to PennDOT contracts. Section 3902 of the Code, 62 Pa.C.S. § 3902.

5. *DePaul v. Kauffman*, 441 Pa. 386, 272 A.2d 500 (1971).

trial court correctly held that Trumbull's claim under the bond was barred by application of the more recently enacted statutory language.

■ Trumbull also argues that, because Appellees raised the Prompt Pay Act as an affirmative defense, they were required to prove compliance with other provisions of the statute governing payments. Trumbull asserts that Appellees failed to identify which of the estimated payments from PennDOT covered the materials supplied by Trumbull and failed to prove that payments to A & L were made within the time required. However, such compliance need not have been proved with absolute certainty, but only by a preponderance of the evidence. We conclude that the evidence of record is sufficient to satisfy this standard.

■ Finally, Trumbull argues that the trial court erred in excluding evidence relating to oral promises allegedly made by the president of A & L to pay Boss' debt in full. Trumbull asserts that the evidence would prove the existence of an oral contract outside the Statute of Frauds. That statute's requirement that a promise to pay the debt of another be in writing does not apply where the main purpose or leading object of the promisor is to serve its own business or pecuniary interest. *Johnston the Florist v. TEDCO Construction Corp.*, 441 Pa.Super. 281, 657 A.2d 511 (1995). For example, in *Biller v. Ziegler*, 406 Pa.Super. 1, 593 A.2d 436 (1991), an architect's testimony that his firm's reputation would be enhanced by having brick work completed before winter supported a finding that an oral promise was made for the firm's own pecuniary gain.

Trumbull argues that it was prepared to prove that A & L made an oral promise to pay Boss' debt and that the primary purpose of the offer was a pecuniary benefit to A & L. Trumbull asserts that it was asked to refrain from filing suit in exchange for A & L's promise to pay Boss' debt after September 30, 1997, which

Trumbull understands to be the end of A & L's fiscal year; thus, A & L would benefit from Trumbull's forbearance by not booking liability until the following year. Trumbull also contends that A & L sought to avoid responsibility it presumably has under the general indemnity agreement to make Safeco whole for any amounts paid out under the bond, including costs and legal fees. Trumbull further contends that A & L sought to maintain a reputation untainted by claims or litigation, essential to a good relationship with PennDOT.

■ Appellees respond that the "leading object" exception does not apply because A & L received no benefit from the alleged promise and, because the materials had already been supplied and Trumbull did eventually make a claim on the bond, the promise was not supported by consideration. However, forbearing from proceeding with a lawsuit constitutes consideration for an agreement. *Cardamone v. University of Pittsburgh*, 253 Pa.Super. 65, 384 A.2d 1228 (1978).

■ The determination of whether a promisor's main purpose was to serve his own business or pecuniary interest is a question for the trier of fact. *Johnston.* The trial court's opinion reflects that it failed to consider whether an exception to the Statute of Frauds could have been found in this case. We conclude that the trial court's refusal to allow evidence and its failure to render a decision on this issue constitutes prejudicial error, warranting the grant of a new trial for this limited purpose.

Accordingly, we affirm the trial court's decision that Trumbull's claim on the bond is barred by the Prompt Pay Act, and we remand this matter for a new trial limited to determining whether A & L made an oral promise for the main purpose of serving its own business or pecuniary interest.

### ORDER

NOW, January 31, 2001, the order of the Court of Common Pleas of Allegheny

County is affirmed as to the decision that Trumbull Corporation's claim on the bond is barred by the Prompt Pay Act, and this matter is remanded for a new trial limited to determining whether A & L, Inc. made an oral promise for the main purpose of serving its own business or pecuniary interest.

Jurisdiction relinquished.